UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00006

**Securities and Exchange Commission**,
*Plaintiff,*
v.
**Reliable One Resources, Inc. et al.**,
*Defendants.*

# PARTIAL JUDGMENT AS TO DEFENDANTS CLYDE CAMERON CRAVEY AND KENNETH WIEDRICH

On February 1, 2023, the SEC filed unopposed motions for the court to issue permanent injunctions as consent decrees with respect to defendants Clyde Cameron Cravey and Kenneth Wiedrich. Docs. 28, 29. The Fifth Circuit has held that proposed consent decrees are entitled to a presumption of validity. *United States v. City of Miami*, 614 F.2d 1322, 1333 (5th Cir. 1980). Indeed, to grant approval to a consent decree, a trial court need only determine that the proposed decree is "not unconstitutional, unlawful, . . . contrary to public policy, or unreasonable." *Id.* The relief to which the parties have agreed is neither unconstitutional nor unlawful. The SEC's claims arise under the Securities Act of 1933 and the Securities and Exchange Act of 1934, both of which authorize the SEC to bring a civil action in district court to enjoin violations. 15 U.S.C. §§ 77t(a) and (b); 78(a)(1) and (d)(1). Additionally, the statutes authorize courts to impose money penalties in such actions. 15 U.S.C. §§ 77t(d); 78u(d)(3). The relief is not contrary to public policy—settlement of disagreements spares the parties needless expense and promotes judicial economy. *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976) (citing *D. H. Overmeyer Co. v. Loflin*, 440 F.2d 1313 (5th Cir. 1971)). Neither has the court seen any evidence suggesting that the proposed decrees are unreasonable. For the above reasons, these motions are granted.

The SEC, having filed a complaint, and defendants Clyde Cameron Cravey and Kenneth Wiedrich, having entered a general appearance, each consented to the court's jurisdiction over defendants and the subject matter of this action, consented to entry of this judgment without admitting or denying the allegations of the complaint (except as to jurisdiction and except as otherwise provided herein in paragraph 9), waived findings of fact and conclusions of law, and waived any right to appeal from this judgment:

**1.**

Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

As provided in Federal Rule of Civil Procedure 65(d)(2), the above paragraph also binds the following who receive actual notice of this judgment by personal service or otherwise: (a) defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with defendants or with anyone described in (a).

**2.**

Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") in the offer or sale of any security by the use of any means or

instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

As provided in Federal Rule of Civil Procedure 65(d)(2), the above paragraph also binds the following who receive actual notice of this judgment by personal service or otherwise: (a) defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with defendants or with anyone described in (a).

**3.**

Defendants are permanently restrained and enjoined from violating Section 5 of the Securities Act by, directly or indirectly, in the absence of any applicable exemption:

    (a) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b) unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or

medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act.

As provided in Federal Rule of Civil Procedure 65(d)(2), the above paragraph also binds the following who receive actual notice of this judgment by personal service or otherwise: (a) defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with defendants or with anyone described in (a).

**4.**

Pursuant to Section 21(d)(5) of the Exchange Act, defendants are permanently restrained and enjoined from directly or indirectly, including, but not limited to, through any entity owned or controlled by him, participating in the issuance, purchase, offer, or sale of any security; provided however, that such injunction shall not prevent defendants from purchasing or selling securities listed on a national securities exchange for their own personal accounts.

As provided in Federal Rule of Civil Procedure 65(d)(2), the above paragraph also binds the following who receive actual notice of this judgment by personal service or otherwise: (a) defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with defendants or with anyone described in (a).

**5.**

Pursuant to Section 21(d)(2) of the Exchange Act and Section 20(e) of the Securities Act, defendants are prohibited from acting as officers or directors of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act or that is required to file reports pursuant to Section 15(d) of the Exchange Act.

**6.**

Defendants are permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act.

**7.**

Upon motion of the SEC, the court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act and, if so, the amount(s) of the disgorgement and/or civil penalty. If disgorgement is ordered, defendants shall pay prejudgment interest thereon, calculated from January 6, 2023, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the SEC's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the complaint; (b) defendants may not challenge the validity of the consent or this judgment; (c) solely for the purposes of such motion, the allegations of the complaint shall be accepted as and deemed true by the court; and (d) the court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the SEC's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

**8.**

The consent is incorporated herein with the same force and effect as if fully set forth herein, and defendants shall comply with all of the undertakings and agreements set forth therein.

**9.**

Solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code (11 U.S.C. § 523) the allegations in the complaint are true and admitted by defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by defendants under this judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code (11 U.S.C. § 523(a)(19)).

**10.**

This court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this judgment.

*So ordered by the court on February 8, 2023.*

J. CAMPBELL BARKER
United States District Judge