UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00006

**Securities and Exchange Commission,**
*Plaintiff,*
v.
**Reliable One Resources, Inc., et al.,**
*Defendants.*

# AGREED JUDGMENT

Plaintiff Securities and Exchange Commission ("SEC") and defendants Reliable One Resources, Inc., and Quantum Filtration, Inc., ("defendants") have consented to the entry of a judgment in this case. Doc. 57.

## I.

Accordingly, it is hereby ordered that defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") (15 U.S.C. § 78j(b)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

It is further ordered that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the

following who receive actual notice of this judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with defendants or with anyone described in (a).

## II.

It is further ordered that defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") (15 U.S.C. § 77q(a)) in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

It is further ordered that, as provided in Rule 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with defendants or with anyone described in (a).

## III.

It is further ordered that defendants are permanently restrained and enjoined from violating Section 5 of the Securities Act (15 US.C. § 77e) by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails

    to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act (15 U.S.C. § 77h).

    It is further ordered that, as provided in Rule 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with defendants or with anyone described in (a).

## IV.

    It is further ordered that defendants shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act (15 U.S.C. § 77t(d)) and Section 21(d)(3) of the Exchange Act (15 U.S.C. § 78u(d)(3)). The amounts of the disgorgement and civil penalty shall be determined by the court upon motion of the SEC. Prejudgment interest shall be calculated from January 6, 2023, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the SEC's motion for disgorgement and/or civil penalties, and at any hearing held on such a

motion: (a) Defendants will be precluded from arguing that they did not violate the federal securities laws as alleged in the complaint; (b) Defendants may not challenge the validity of the consent (Doc. 57-1) or the judgment; (c) solely for the purposes of such motion, the allegations of the complaint shall be accepted as and deemed true by the court; and (d) the court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the SEC's motion for monetary remedies, the parties may take discovery, including discovery from appropriate non-parties.

## V.

It is further ordered that the consent (Doc. 57-1) is incorporated herein with the same force and effect as if fully set forth herein, and that defendants shall comply with all of the undertakings and agreements set forth therein.

## VI.

It is further ordered that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code (11 U.S.C. § 523), the allegations in the complaint are true and admitted by defendants, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by defendants under this judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by defendants of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19).

## VII.

The court shall retain jurisdiction of this matter for purposes of enforcing the terms of this judgment. The clerk shall enter this judgment forthwith and without further notice.

*So ordered by the court on July 16, 2024.*

_____
J. CAMPBELL BARKER
United States District Judge
